

U.S. Department of Justice

Criminal Division
Fraud Section

*1400 New York Avenue NW*
*Washington, D.C. 20530*

December 3, 2010

RECEIVED
JAN - 6 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

Steven J. Roman, Esq.
Dickstein Shapiro LLP
1825 Eye Street NW
Washington, DC 20006

Re: <u>Plea Agreement with Marc Velasquez</u>

09-859(JAP) 01

Dear Mr. Roman:

This letter sets forth the Plea Agreement between your client, Marc Velasquez ("defendant") and the Fraud Section of the United States Department of Justice (the "Government").

<u>Charge</u>

Conditioned on the understandings specified below, the Government will accept a guilty plea from Marc Velasquez to Count 4 of the indictment, Criminal No. 09-859 (JAP). Count 4 charges the defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

If the defendant enters a guilty plea to Counts 4 of the indictment and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, the Government will not initiate any further criminal charges against the defendant for actions in relation to providing Video Relay Services and submitting claims to the Federal Communications Commission from the period of October 2008 through September 2009. In addition, if the defendant fully complies with all of the terms of this agreement, at the time of sentencing in this matter, the Government will move to dismiss Counts 1-3 and 5-6 of the indictment. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by the defendant may be commenced against him, notwithstanding the expiration of the limitations period after the defendant signs the agreement.

Sentencing
---

The violation of Title 18, United States Code, Section 1349 to which the defendant agrees to plead guilty carries a statutory maximum prison sentence of twenty years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon the defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, Title 18, United States Code, Sections 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Government cannot and does not make any representation or promise as to what sentencing guideline range may be found by the sentencing judge, or as to what sentence the defendant ultimately will receive.

Further, in addition to imposing any other penalty on the defendant, the sentencing judge: (1) will order the defendant to pay an assessment of $100 per count pursuant to Title 18, United States Code, Section 3013, which assessment must be paid by the date of sentencing; (2) must order the defendant to pay restitution pursuant to Title 18, United Stats Code, Sections 3663 et seq.; (3) may order the defendant to give notice to any victims of his offense[s], pursuant to Title 18, United States Code, Section 3555; (4) may order the defendant to pay the costs of prosecution; (5) must order forfeiture, pursuant to Title 18, United States Code, Section 982; and (6) may require the defendant to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed, pursuant to pursuant to Title 18, United States Code, Section 3583. Should the defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, the defendant may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

The defendant agrees that the defendant shall assist the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in the assets which the defendant has agreed to forfeit, and any other assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture counts of the indictment. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Government upon the Government's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. To the extent the assets are no longer within the possession and control or name of the defendant, the defendant agrees that the Government may seek substitute assets within the meaning of Title 21, United States Code, Section 853.

The defendant knowingly and voluntarily agrees to waive any claim or defense he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. Defendant further knowingly and voluntarily waives his right to a jury trial on the forfeiture of said assets, waives any statute of limitations with respect to the forfeiture of said assets, and waives any notice of forfeiture proceedings, whether administrative of judicial, against the forfeited assets.

Rights of the Government Regarding Sentencing

Except as otherwise provided in this agreement, the Government reserves its right to take any position with respect to the appropriate sentence to be imposed on the defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Government may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature

3

and extent of the defendant's activities and relevant conduct with respect to this case.

Stipulations

The Government and the defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this Plea Agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of the Government is based on the information and evidence that the Government possesses as of the date of this agreement. Thus, if the Government obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, the Government shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either the Government or the defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Government and the defendant waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under Title 18, United States Code, Section 3742 or a motion under Title 28, United States Code, Section 2255.

Other Provisions

This agreement is limited to the Fraud Section of the Department of Justice and cannot bind other federal, state, or local authorities. However, the Government will bring this agreement to the attention of other prosecuting offices, if requested to do so.

    This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against the defendant.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against the defendant.

In the event that the defendant does not plead guilty or if the defendant breaches this Plea Agreement, the defendant agrees and understands that he thereby waives any protection afforded by Section 1B1.8(a) of the Sentencing Guidelines and Rule 11(f) of the Federal Rules of Criminal Procedure, and that any statements made by him as part of plea discussions or as part of his cooperation with the government will be admissible against him without any limitation in any civil or criminal proceeding.

<u>No Other Promises</u>

    This agreement, including the attached and incorporated Schedule A, constitutes the Plea Agreement between the defendant and the Government and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                      Very truly yours,

                      Steven A. Tyrrell
                      Chief, Fraud Section

By: _____  1/6/2011
     Hank Bond Walther, Assistant Chief
     ~~Brigham Cannon~~, Trial Attorney
     Robert Zink

5

   I have received this letter, including the attached Schedule A, from my attorney, Steven J. Roman, Esq., I have read it, and I understand it fully.  I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____     Date: 1-6-11
Marc Velasquez

_____     Date: 1-6-11
Steven J. Roman, Esq.

6

<u>Plea Agreement With Marc Velasquez</u>

<u>Schedule A</u>

1. The Government and the defendant recognize that the United States Sentencing Guidelines are not binding upon the Court. The Government and the defendant nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence the defendant within the Guidelines range that results from the total Guidelines offense level set forth below. The Government and the defendant further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7.

3. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(J), that the offense caused a loss of more then $2,500,000 but less than $7,000,000, applies. This Specific Offense Characteristic results in an increase of 18 levels.

4. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(9), that the offense involved sophisticated means, applies. This Specific Offense Characteristic results in an increase of 2 levels.

5. The parties agree that the defendant was not a minimal participant and is therefore not entitled to a three or four point decrease pursuant to U.S.S.G. § 3B1.2.

6. As of the date of this letter, the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if the defendant's acceptance of responsibility continues through the date of sentencing. <u>See</u> U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If

the defendant enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition the defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, the defendant will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to the defendant is 24 (the "agreed total Guidelines offense level").

9. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 24 is reasonable.

10. The defendant knows that he will breach the Plea Agreement if he (a) fails or refuses to make a full, accurate and complete disclosure to the United States and the Probation Office of the circumstances surrounding the relevant offense conduct and his present financial condition; (b) is found to have misrepresented facts to the United States prior to entering this plea agreement; or (c) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

11. The defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. The Government will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing

2

      court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.